UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GRAHAM BURNEY BROWN, | ) | C/A No. 4:10-1169-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JOHN OZMINT and BERNARD McKIE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Graham Burney Brown, filed this action on May 11, 2010. Plaintiff filed an

amended complaint on October 15, 2010, alleging various claims for violations of his constitutional

rights pursuant to 42 U.S.C. § 1983.[1] At all times relevant to the allegations in the Plaintiff's

complaint, he was an inmate in the custody of the South Carolina Department of Corrections housed

at the Kirkland Reception and Evaluation Center. The Plaintiff is an inmate currently housed at the

Allendale Correction Institution.  Before the undersigned is the Defendants' motion for summary

judgment.

On June 14, 2011, Defendants filed a motion for summary judgment along with a

memorandum and exhibits in support thereof. (Doc. #45). Because Plaintiff is proceeding pro se,

he was advised on or about June 15, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), of the procedure for summary judgment and the possible consequences if he failed to respond

adequately. On June 27, 2011, Plaintiff filed a response in opposition. (Doc. #48). On July 5, 2011,

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions
of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive
motion, the report and recommendation is entered for review by the district judge.

Defendants filed a reply to Plaintiff's response. (Doc. #51).

# I.  DISCUSSION

## A.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## B.  ARGUMENT OF PARTIES/ANALYSIS

The Plaintiff alleges he was denied proper medical attention after he fell from his bunk at the Kirkland Reception and Evaluation Center (KREC). Specifically, Plaintiff alleges he fell from his top bunk on January 25, 2010, injuring his foot and did not receive medical attention after submitting a request for sick call. Defendants assert the medical treatment that Plaintiff received did not violate his constitutional rights.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Defendants attached two copies of Step 1 Inmate Grievance forms Plaintiff submitted. Defendants assert Plaintiff did not file a Step 2 appeal of the Warden's decision.

In his response in opposition, Plaintiff asserts he received a response to his grievance on May 7, 2010, but did not file a Step 2 Grievance because "you have no fair chance because they don't go against their own." (Doc. #48).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718

4

(7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Plaintiff asserts that he slipped while getting off of his top bunk on January 25, 2010, and filed a grievance on January 27, 2010. As previously stated, Plaintiff asserts in his response in opposition to summary judgment that he received a response to his grievance on May 7, 2010, but admits that he did not file a Step 2 grievance contending it would have been useless. Based on the evidence presented, it is recommended that Defendants' motion for summary judgment (doc. #45) be granted for failure to exhaust administrative remedies. In the alternative, the claim will be addressed on the merits.

## C. DISCUSSION

Plaintiff has alleged he was denied medical treatment after he fell from his top bunk injuring his foot on January 25, 2010. Defendants assert Plaintiff received medical treatment which did not violate his constitutional rights.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs;
> if the authorities fail to do so, those needs will not be met. . . .  We

5

> therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, 511 U.S.

6

825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra.  Negligence, in general, is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989).  Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") See also Brooks v. Celeste, F. 3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan, supra, held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109 (3rd Cir. 1990); and Smart v. Villar, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F. 2d 811, 817 (1st Cir. 1988).  Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. See Brown v.

7

Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F. 2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. Russell v. Sheffer, 528 F. 2d 318, 319 (4th Cir. 1975).

First, any allegations of medical indifference as to Defendants should be dismissed as they are not medical personnel and Plaintiff has not shown that they interfered with Plaintiff's medical care. The Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id. Under these principles, the Plaintiff has not alleged sufficient facts stating any claim actionable under § 1983 regarding his medical treatment against Defendants who are non-medical personnel.

Furthermore, the Plaintiff has failed to show that he was denied medical treatment for the injury to his foot after falling from his top bunk. Although Plaintiff alleges in his complaint that he was not treated for the injury to his foot, Defendants submitted records revealing he was seen and treated on February 4, 2010, with complaints of pain in his left foot after falling from his bunk. Plaintiff was evaluated, diagnosed and treated for a sprained foot.

Defendants submitted the affidavit of Dr. Thomas Byrne who attests that he is a physician licensed to practice medicine in the State of South Carolina and is currently employed by the SCDC

to render medical care to inmates of SCDC incarcerated at Allendale Correctional Institution. (Byrne's affidavit, doc. #45-3). Byrne attached a copy of portions of Plaintiff's medical records to his affidavit. (Id.). When Plaintiff arrived at Allendale Correctional Institution from the KREC, medical performed an intake interview whereupon Plaintiff did not complain of any problems at that time. (Id.). Plaintiff has been an inmate at Allendale since July 2010, and has never gone to sick call even though an inmate may make a sick call request. (Id.). Based upon a review of Plaintiff's medical records, Byrne attests that it is his opinion "to within a reasonable degree of medical certainty, most probably, that the SCDC staff treated Mr. Brown within the standard of care following his sprain." (Id.).

A review of the medical records submitted, reveals that Plaintiff was seen in medical at KREC on February 4, 2010, stating that he slipped getting off the top bunk on January 25, 2010, and hurt his left foot which had caused him pain. (Medical records, doc. #45-5). Plaintiff complained of discomfort with standing. (Id.). He was prescribed Ibuprofen 400 mg. tablets and/or Tylenol tablets depending upon the severity of pain and instructed to elevate his foot. (Id.). He was also prescribed an ice pack for the sprain for up to forty-eight hours and to apply an ace wrap during the day for three days but instructed to leave it off at night. He was seen in sick call on February 23, 2010, but no notation of any complaint with regard to his foot was made, and he was only treated for his ears. (Id.).

In his response to the Defendants' motion for summary judgment, Plaintiff asserts that he went to sick call and stood in line but left due to the cold temperature and the fact that the correctional officer refused to allow them in the building to wait. (Doc. #48). In addition, Plaintiff states that he did see a doctor, but the doctor only gave him an Ace bandage and Ibuprofen. (Id.).

As held in <u>Estelle</u>, 429 U.S. at 107, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even if Plaintiff's allegations are true, he has shown nothing more than a disagreement with the medical treatment provided, not that he was completely denied medical treatment. Plaintiff has not put forth any allegation or evidence that he received anything other that <u>de minimis</u> injury.  Additionally, Plaintiff has failed to show that he had a serious medical need of which Defendants knew about and consciously ignored. Plaintiff has not shown that any conduct by these Defendants "shocks the conscious" as required by <u>Miltier v. Beorn</u>, <u>supra</u>.  "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice" <u>Jackson v. Fair</u>, <u>supra.</u> The type and amount of medical care is left to the discretion of prison officials as long as medical care is provided. <u>Brown v. Thompson</u>, <u>supra</u>. Any disagreement between an inmate and medical personnel generally fails to state a claim.  Although there is nothing to indicate that there were mistakes of medical judgment, even if shown, mistakes of medical judgement are not subject to judicial review in a § 1983 action.  <u>Russell v.Sheffer</u>, <u>supra</u>.

Based on the evidence presented, there has been no deliberate indifference shown to the overall medical needs of the Plaintiff by these Defendants. For the above stated reasons, summary judgment should be granted in favor of Defendants on this issue.

### D.  QUALIFIED IMMUNITY

Defendants argue they are entitled to qualified immunity. Although the burden of showing immunity remains on the Defendant, an early determination is desirable, since immunity provides

complete protection from a lawsuit, including from extensive discovery or other preparation. When a Defendant asserts that he or she is completely immune from suit, the court must consider whether the defense meets the standard set forth by various courts which have considered the issue.

When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the Defendant and the burden of proving entitlement to immunity rests with the Defendant asserting it. Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity. Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the Defendant is entitled to dismissal or summary judgment. For that reason, the issue of immunity should be addressed before discovery is allowed.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for

11

4:10-cv-01169-MBS     Date Filed 08/29/11     Entry Number 55     Page 12 of 12

civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824

(1995). As discussed above, the Plaintiff fails to show that Defendants violated any of his clearly

established constitutional or statutory rights. Thus, the undersigned recommends that summary

judgment be granted as to these Defendants.


## II.  CONCLUSION

The Plaintiff has failed to show that the Defendants violated any of his constitutional or

statutory rights under 42 U.S.C. § 1983. It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by Defendants (document #45) for summary

judgment be GRANTED IN ITS ENTIRETY and the case dismissed.


Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 29, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**